**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SCOTT BENTON,

      Plaintiff - Appellant,

v.

CUSTER COUNTY BOARD OF
COUNTY COMMISSIONERS,
a political subdivision of the State
of Oklahoma,

      Defendant - Appellee.

No. 02-6309
(D.C. No. CIV-01-1600-C)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **PORFILIO** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Scott Benton, a former deputy sheriff for Custer County, Oklahoma, appeals from the district court's order entering summary judgment in favor of defendant Custer County Board of County Commissioners (County) on his claim for overtime compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1225 (10th Cir. 2000) (quotation omitted). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Kendrick*, 220 F.3d at 1225 (quotation omitted).

The district court determined, as a matter of law, that plaintiff is not entitled to overtime compensation under FLSA, concluding that the undisputed facts in this case show that plaintiff's position as a deputy sheriff fell within the "personal staff" exception to FLSA's definition of a covered employee.

*See* 29 U.S.C. § 203(e)(2)(C)(i) and (ii)(II). Having thoroughly reviewed the record in this case, we hold that the district court's determination is in accordance with our decision in *Nichols v. Hurley*, 921 F.2d 1101, 1110-14 (10th Cir. 1990) (holding that boards of county commissioners and elected sheriffs of two counties in Oklahoma were entitled to summary judgment on claims of deputy sheriffs for overtime compensation under FLSA on ground that undisputed facts showed that deputy sheriffs were part of elected sheriffs' personal staffs and were therefore not covered employees under FLSA). Accordingly, because plaintiff has failed to put forth sufficient facts to distinguish *Nichols*, we affirm the entry of summary judgment in favor of the County for the reasons relied upon by the district court. *See* Aplt. App. at 189-94.

The judgment of the district court is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge